IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL WYNDELL COLEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-735-GMS |
| | ) |
| KELLY LORD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Russell Wyndell Coley, Sr. ("Coley"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Coley alleges that in July 2012 the defendant Delaware Department of Services for Children, Youth and their Families ("DSCYF") unlawfully removed his minor child ("the minor child") from his custodial home and placed her with the defendant Mary M. Thomas ("Thomas"), her paternal grandmother, where she remains to date, all without the benefit of court proceedings. At the time, the minor child was a student at the defendant Bayard Elementary School ("Bayard") in the Christina School District ("Christina School District"), also a defendant. Coley alleges that Thomas enrolled the minor child in the defendant Gauger-Cobbs Middle School ("Gauger-Cobbs"), and that Thomas requested, and Bayard agreed, to fax the minor child's student records to Gauger-Cobbs. When confronted, Bayard officials denied any knowledge of transferring the records. The minor child was next enrolled at the defendant Shue-Medill Middle School ("Shue-

Medill"). When problems ensued with the minor child's education, Coley met with Shue-Medill officials and inspected the documents used to transfer the minor child to Shue-Medill. Coley advised Shue-Medill that Thomas has not been appointed as the minor child's legal guardian and that the documents were worthless. On November 27, 2012, Coley filed a petition in State Court, presumably over custody issues.

Subsequent to filing the petition, a Christina School District employee allegedly saw the minor child engage in inappropriate behavior while showering. Thomas suggested to the minor child that someone else had done similar things to her, and she also took the minor child to the hospital for an examination. The defendant detective Nellie Vega ("Vega") with the defendant the Wilmington Police Department ("Wilmington Police Department") investigated and made a report of the matter.[1] Coley was not allowed to speak to the minor child from November 25 until January 28, 2013.[2] On that date, Coley spoke to Thomas. Thomas later summoned the minor child, and upon questioning, the minor child denied anything inappropriate had occurred between her and Coley.

The next day, Coley was arrested without incident pursuant to a warrant for an incident that had occurred prior to his second hospitalization at MeadowWood Hospital. Coley was booked and processed. Next, Coley was taken from the processing area to another floor and handcuffed to the wall. He was interrogated by Vega who told him that she believed he had abused his daughter. Coley alleges that there was no attorney present and he was not given his

---

[1] Vega visited Coley's residence on several occasions and left her business card.

[2] During this time, Coley was hospitalized at the MeadowWood Hospital, which provides psychiatric health and addiction treatment service, from January 8 through January 13, 2013 and January 18 through January 24, 2013.

2

Miranda rights. After the interrogation, Coley was returned to booking. Vega typed up an affidavit, fingerprinted Coley, and placed his fingerprints on the typed or handwritten document. Coley was arraigned on the charge for which he was arrested and was released on unsecured bail.[3] He was not charged with any other crimes. Coley alleges violations of his Fourth and Six Amendment rights as a result of the custodial interrogation by Vega.

On January 4, 2013, Coley's State Court petition was dismissed for failure to pay the filing fee. He was told on February 14, 2013 to refile the petition. An appeal of the matter has been pending since at least April 22, 2013, before the Family Court of the State of Delaware in for New Castle County. Coley alleges that the removal of the minor child violated his right to due process, that Thomas has no legal custody or guardianship of the minor child, and that the Wilmington Police Department illegally removed the minor child from his custody with the assistance of DSCYF and without a court order. Coley seeks compensatory and punitive damages in the sum of seven million dollars on his behalf and three million dollars on behalf of the minor child for violations of their civil rights.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Coley proceeds *pro se*, his pleading is liberally construed and his

---

[3]The complaint does not identify the charge.

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Coley leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,

but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Coley has a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege Coley's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Abstention

Coley's main claim is that the minor child was wrongfully removed from his custody. As discussed, the custody issue is on appeal and remains pending in Family Court. Because the State Court has not yet reached final resolution, this court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts are not to interfere with pending state criminal proceedings, and the *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

---

[4] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975). Three requirements must be met for the application of the *Younger* doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

In this case there is an ongoing state judicial proceeding and the custody issue is on appeal before the Family Court. As to the second factor, the State of Delaware has a substantial interest in the fair administration of child custody and parental rights proceedings. *See Moore v. Sims*, 442 U.S. 415, 427 (1979) (recognizing such an interest in child abuse cases). Finally, the state court proceedings provide Coley with an adequate opportunity to present his federal claims. *See Division of Family Services v. Cheryl B.*, 750 A.2d 540 (Del. Fam. Ct. Aug. 6, 1998); *Morgan v. Powell*, 659 A.2d 1243 (Del. Fam. Ct. Sept. 20, 1994).

Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over Coley's claims regarding custody of the minor child.

**B. 42 U.S.C. § 1983**

The complaint raises claims under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person

who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. State Actor

To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Thomas is a private individual who is currently caring for her grandchild. She is not "clothed with the authority of state law," and claims against Thomas fail as a matter of law. *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Accordingly, the court will dismiss the claims against Thomas as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### 2. Eleventh Amendment Immunity

Also named as a defendant is the DSCYF. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DSCYF is entitled to immunity under the Eleventh Amendment. Therefore, the claims against it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Personal Involvement

The complaint names as defendants Kelly Lord ("Lord"), Janet Lebinowski ("Lebinowski"), William Day ("Day"), and Nina Tolbert ("Tolbert"). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State*

*Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Here, there are no allegations in the complaint directed toward the foregoing defendants. Therefore, the court will dismiss the claims against Lord, Lebinowski, Day, and Tolbert as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### 4. Municipal Liability

The complaint also names as defendants Bayard, Gauger-Cobbs, Shue-Medill, Christina School District, and the Wilmington Police Department. Coley allege these defendants violated his constitutional rights. Under *Monell v. New York City Dep't of Social Servives*, 436 U.S. 658 (1978), and its progeny, municipal liability will attach only where a plaintiff establishes that a municipal employee "acted pursuant to a formal government policy or a standard operating procedure," that actions were taken by an individual with "policy making authority," or that "an official with authority has ratified the unconstitutional actions of a subordinate. . . ." *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005); *see also Patrick v. Great Valley Sch. Dist.*, 296 F. App'x 258, 262 (3d Cir. 2008) (unpublished). Coley has not pled that Bayard, Gauger-Cobbs, Shue-Medill, Christina School District, and/or the Wilmington Police Department were the "moving force" behind any alleged constitutional violations. Absent any allegation that a custom or policy established by the foregoing defendants directly caused harm to Coley, his § 1983 claims cannot stand. Therefore, the court will dismiss the § 1983 claims against Bayard, Gauger-Cobbs, Shue-Medill, Christina School District, and the Wilmington Police Department as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### 5. Custodial Interrogation

Coley alleges that Vega violated his Fourth and Sixth Amendment rights during a custodial interrogation. As discussed, Coley was arrested pursuant to a warrant, booked,

processed and taken from the processing area to another floor where he was handcuffed to the wall. At that time, he was interrogated by Vega regarding the alleged abuse of the minor child. Following the interrogation, Coley was arraigned and released on unsecured bail. Coley allege that he was illegally detained and interrogated. Coley was not charged with any crime as a result of Vega's interrogation upon his release.

Coley's claim of unlawful detention fails as a matter of law. In the ordinary criminal case, arrest and detention of a suspect is reasonable if it is supported by probable cause, as determined by the judge who either issues an arrest warrant or conducts a preliminary hearing. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 111-14 (1975); *Burt v. Ferrese*, 871 F.2d 14 (3d Cir. 1989). The complaint states that Coley was arrested pursuant to a warrant. The fact that he was questioned about a crime other than the one for which he was arrested, in and of itself, did not violated Coley's Fourth Amendment rights. *See e.g., Arizona v. Roberson*, 486 U.S. 675 (1988).

Finally, Coley claims that Vega violated his Sixth Amendment rights when she interrogated him without an attorney present and without providing Miranda rights. Initially, the Court notes that the right to counsel during custodial interrogation is examined under the Fifth Amendment, not the Sixth Amendment. *See Arizona v. Roberson, supra; Edwards v. Arizona*, 451 U.S. 477 (1981).

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself..." U.S. Const. Amend. V. It is well-known that the police must inform criminal suspects that they have the right to remain silent and that any statements they make can be used against them. *Miranda v. Arizona*, 384 U.S. 436 (1966). "The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a

criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in *Miranda v. Arizona*, 384 U.S. 436 (1966), is merely a procedural safeguard, and not a substantive right."

"[Q]uestioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." *Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003)). Here, Coley was not compelled to be a witness against himself in a criminal prosecution related to his arrest and, thus, he cannot maintain a claim for violation of a substantive constitutional right under the Fifth Amendment as a result of Vega's custodial interrogation.

Therefore, the Court will dismiss the custodial interrogation claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of the nature of Coley's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_June 27_, 2013
Wilmington, Delaware